# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Howard Boddie, Jr.,

    Petitioner,

v.

State of Ohio,

    Respondent.

Civ. No. 2:16-cv-820
Judge Michael H. Watson
Magistrate Judge King

## OPINION AND ORDER

On May 15, 2017, the Magistrate Judge denied Petitioner's motions for the appointment of counsel, for the release of exculpatory evidence, and for an evidentiary hearing, ECF Nos. 9 & 13; granted Respondent's Motion to Strike Petitioner's Notice of Supplement to the Record, ECF No. 15, and recommended that Respondent's motion to dismiss, ECF No. 8, be granted and that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 therefore be dismissed. Order and R&R, ECF No. 17. Petitioner objects to the Magistrate Judge's Order and Report and Recommendation ("R&R"). Objection, ECF No. 18. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection is **OVERRULED**.

The Order and R&R is **ADOPTED** and **AFFIRMED**. Petitioner's motions for the appointment of counsel, for the release of exculpatory evidence, and for an evidentiary hearing are **DENIED**. Respondent's Motion to Strike Petitioner's Notice of Supplement to the Record is **GRANTED**. Respondent's motion to dismiss is **GRANTED**. This

action is hereby **DISMISSED**. Furthermore, the Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his May 2010 convictions, following a jury trial in the Franklin County Court of Common Pleas, on charges of abduction and domestic violence. He asserts that the trial court improperly denied his petition for post-conviction relief without conducting an evidentiary hearing (claim one); that the trial court abused its discretion and denied him access to the courts and due process by denying his post-conviction claims as barred under Ohio's doctrine of *res judicata* (claim two); that he was denied due process and equal protection by the Ohio Supreme Court's failure to provide him with a transcript of *voir dire* proceedings, and that the prosecutor and defense counsel during *voir dire* tainted the jury and caused juror bias (claim three); that he was denied a fair trial by the prosecutor's use of false and perjured testimony and that he was denied his right to a speedy trial (claim four); that he was denied access to the courts, equal protection of the law, and due process because of the Ohio Supreme Court's refusal to permit the filing of an untimely appeal in post-conviction proceedings (claim five); that he was denied the effective assistance of trial counsel based on his attorney's failure to conduct pre-trial consultation and investigation (claim six); that he was denied the right to a fair trial, due process, and equal protection of the law, and the right of confrontation, because of the alleged fraudulent concealment of exculpatory and impeachment evidence (claim seven); that the evidence is constitutionally insufficient to sustain his convictions on domestic violence and abduction (claims eight and nine); and that he was convicted in violation of the Fourth Amendment (claim ten). The Magistrate Judge recommended that Petitioner's speedy trial claim be dismissed as barred by the

one-year statute of limitations provided for under 28 U.S.C. 2244(d); that claims one, two, three, five, and ten be dismissed as failing to provide a basis for relief; and that the remainder of Petitioner's claims be dismissed as procedurally defaulted.

Petitioner objects to all of these recommendations, as well as to the denial of his motions for the appointment of counsel, for the release of exculpatory evidence, for an evidentiary hearing, and to supplement the record. Petitioner alleges that his attorney, Michael A. Prisley, failed to visit or consult with him for an entire year, resulting in a sham trial. He also alleges that his appellate attorney, Michael McCarthy, refused to file a meritorious appellate brief or to obtain a copy of the transcript of *voir dire* proceedings, thereby denying Petitioner meaningful access to the courts in violation of due process and the equal protection clause. Petitioner also contends that he was denied the effective assistance of appellate counsel when his attorney waived oral argument. Moreover, according to Petitioner, police illegally entered his home and lied at trial, later provoking attacks by members of the CRIPS gang against the alleged victim, Karen Monroe, when she filed complaints against them. Petitioner maintains that he is the victim of selective prosecution, that police fabricated the charges against him, that the trial judge was biased, and that defense counsel conspired with the State. Petitioner refers to an August 29, 2011, motion that he filed in conjunction with his July 26, 2011, petition for post-conviction relief in regard to these allegations. Petitioner maintains that he has acted diligently in pursuing relief and he complains that prison officials have denied him access to the courts by delaying his mail and confiscating his legal materials when he was released from prison. He complains that the Ohio Supreme Court refused to accept his post-conviction appeal one day late as a result of prison officials' delay

and his confusion regarding the date of the appellate court's decision. Petitioner also states that an action filed by him against prison officials is pending in the United States Court of Appeals for the Sixth Circuit and that he has filed a protection order with the Franklin County Court of Common Pleas. Petitioner specifically objects to the Magistrate Judge's recommendation of dismissal of his claims as procedurally defaulted. He submits that he is actually innocent of the charges against him; he argues that his April 23, 2008, letter to Karen Monroe shows that Monroe lied because of her mental conditions and out of fear of police reprisals. He contends that the Magistrate Judge's recommendations constitute an abuse of discretion and are clearly erroneous.

As cause for his procedural defaults, Petitioner represents that he attempted to file a timely appeal of the appellate court's September 12, 2013, decision affirming the trial court's denial of his petition(s) for post-conviction relief. He has attached a document entitled "Personal A/C Withdrawal Check Out-Slip" dated October 25, 2013, for $1.92 to the Clerk of the Supreme Court of Ohio, see Objection ECF No. 18-1, PAGEID # 1088, in support of his allegation that he timely submitted his appeal to prison officials on Friday, October 25, 2013, but that officials waited until Monday, October 28, 2013, to mail that appeal. In a letter dated October 29, 2013, the Clerk of the Supreme Court of Ohio advised Petitioner that the appeal was due no later than October 28, 2013, and that, because it was received on October 29, 2013, the Clerk would not file it. Id., PAGEID # 1089. Petitioner apparently filed a motion for reconsideration; however, in a letter dated November 14, 2013, the Clerk of the Supreme Court of Ohio advised Petitioner that his motion for reconsideration had not

been filed because it was not submitted within the mandatory forty-five-day time limit for the filing of an appeal. *Id.*, PAGEID # 1090.

Petitioner has also attached a copy of another motion that he attempted to file in the Ohio Supreme Court, namely, Appellant's Motion to Take Judicial Notice and Order to File Notice of Appeal and Jurisdictional Memorandum. *Id.*, PAGEID ## 1091-94. In a letter dated December 23, 2013, the Clerk of the Ohio Supreme Court advised Petitioner that that filing was being returned to him and had not been filed because he had failed to comply with the Rules of Practice of the Supreme Court of Ohio:

> The documents you previously submitted did not have a <u>date-stamped copy</u> of the court of appeals' judgment entry attached as required by Rule 7.02(D)(1). Therefore, because you did not attach a copy of the September 19, 2013, judgment entry to your memorandum in support of jurisdiction, and because your notice of appeal stated that the decision you were appealing was entered on September 12, 2013, your documents did not meet the requirements for filing. Accordingly, your documents that were presented for filing on October 29, 2013, were properly rejected.
>
> To perfect your appeal the Rules of Practice required your notice of appeal containing the correct date of judgment, memorandum in support of jurisdiction with date-stamped copies of the September 12, 2013 opinion and September 19, 2013 judgment entry attached, and your affidavit of indigence to be presented for filing in the Clerk's Office no later than November 4, 2013. The enclosed documents cannot be filed because they do not meet the filing requirements for filing a new appeal or original action.

*Id.*, PAGEID # 1095. Petitioner states that his failure to comply with the filing requirements and time limits for the filing of the appeal was merely a mistake. Petitioner has also attached what he submits is a fraudulent affidavit from his former attorney, Michael Prisley, dated April 29, 2011, *see id.*, PAGEID ## 1096–97, and documents related to his inmate visitation records, *see id.*, PAGEID ## 1098–1105.

The Court has carefully reviewed the entire record but concludes that the record fails to reflect a basis for relief. Petitioner procedurally defaulted claims three, four, six, seven, eight, and nine by failing to raise the issues presented in those claims in his direct appeal. Petitioner did claim on direct appeal that he had been denied the effective assistance of trial counsel because his attorney failed to consult with him:

> Appellant also alleges that his trial counsel was deficient for failing to meet with him before trial. That failure, appellant alleges, deprived him of the ability to participate in developing trial strategy and calling witnesses. Appellant does not demonstrate how his participation would have changed trial counsel's trial strategy, nor does he explain what additional witnesses he would have called and how those witnesses would have assisted his defense. Absent these showings, appellant cannot demonstrate that trial counsel's alleged failure to meet with him caused him any prejudice. *State v. Dennis*, 10th Dist. No. 04AP-595, 2005-Ohio-1530, ¶ 21-23 (counsel not ineffective for failing to confer with defendant before trial or for failing to call witnesses).

*State v. Boddie*, No. 10AP-687, 2011 WL 2586717, at *3 (Ohio App. 10th Dist. June 30, 2011). However, Petitioner procedurally defaulted this claim by failing to timely appeal the appellate court's decision to the Ohio Supreme Court. That appeal was due forty-five days after the appellate court's June 30, 2011, decision denying Petitioner's direct appeal. Ohio Supreme Court Rule of Practice 7.01(A)(1)(a)(i); *see also* Motion to Dismiss, ECF No. 8-1, PAGEID # 575. The Ohio Supreme Court denied Petitioner's motion for a delayed appeal and dismissed the appeal. *State v. Boddie*, 146 Ohio St.3d 1414 (2016). Petitioner has failed to establish that this extended delay in filing was due to the fault of prison officials.

Moreover, although Petitioner now argues that he properly raised in post-conviction proceedings what he characterizes as off-the-record claims of denial of the

effective assistance of trial counsel and other issues, the state appellate court affirmed the trial court's dismissal of such claims as barred under Ohio's doctrine of *res judicata*:

> In this appeal, appellant raises three grounds in support of his petitions. First, appellant contended he received ineffective assistance of trial counsel. Specifically, appellant asserted that his trial counsel never consulted with him prior to trial to discuss strategy or perform additional case investigation. Appellant also argued his trial counsel was deficient because he did not file a motion to dismiss on speedy trial grounds. However, appellant first pursued these arguments in his direct appeal. We found appellant failed to establish there was a reasonable probability a motion to dismiss on speedy trial grounds would have been successful, or that he suffered prejudice because his lawyer did not confer with him before trial. *Boddie* at ¶ 7–14. Because appellant raised these issues on direct appeal, he is barred from doing so again now. *See State v. Young*, 10th Dist. No. 05AP–641, 2006–Ohio–1165, citing *State v. Lentz*, 70 Ohio St.3d 527, 529–30 (1994).
>
> Appellant next contended that the prosecutor knowingly suborned perjury, and that his trial counsel was aware that the state's witnesses provided false testimony. Appellant's claims regarding perjury are based on information in the record, including certain evidence that was suppressed by the trial court. Appellant had the opportunity to raise arguments about the information in the record and exclusion of this evidence in his direct appeal and failed to do so. Moreover, mere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony. *State v. Widmer*, 12th Dist. No. CA2012–02–008, 2013–Ohio–62, ¶ 38, citing *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir.1998). Evidence of perjury, without proof of knowledge on the part of the prosecution, does not implicate constitutional rights and thus does not support a petition for postconviction relief. *State v. Jones*, 10 Dist. No. 06AP–62, 2006–Ohio–5953, ¶ 25.
>
> Finally, appellant asserted that certain statements made by the prosecutor during trial were improper. Appellant does not clarify which statements he is referring to, or that these statements had an effect on the outcome of his trial. Nonetheless, this information was available through the trial

> court record and should have been challenged on direct appeal.
>
> Since appellant's claims are barred by *res judicata*, he is not entitled to an evidentiary hearing. *Wright* at ¶ 11. Moreover, the trial court's journal entries contained sufficient information to apprise him of the grounds for its judgments and to enable this court to properly determine his appeals, *i.e.*, that his petitions were denied based on res judicata. Therefore, his argument that the trial court was required to issue findings of fact and conclusions of law fails. *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19 (1988); *State v. Lowe*, 10th Dist. No. 10AP–584, 2011–Ohio–3996, ¶ 17 ("[A] trial court's decision dismissing a postconviction petition does not need to be designated 'findings of fact and conclusions of law,' so long as the decision is sufficient to advise the petitioner and the appellate court of the trial court's reasoning and permit meaningful appellate review.").
>
> Thus, we find the trial court did not abuse its discretion in denying appellant's petitions for postconviction relief without conducting an evidentiary hearing.

*State v. Boddie*, Nos. 12AP-811, 12AP-812, 2013 WL 4973012, at *3-4 (Ohio App. 10th Dist. Sept. 12, 2013). Under these circumstances, this Court agrees with the Magistrate Judge that Petitioner has procedurally defaulted these claims on the basis of *res judicata*.

Moreover, even assuming that he did not procedurally default these claims, the record establishes that Petitioner procedurally defaulted his off-the-record claims by failing to file a timely appeal to the Ohio Supreme Court in post-conviction proceedings and by failing to comply with the Rules of the Ohio Supreme Court that require that a date-stamped copy of the judgment entry being appealed be attached to the notice of appeal. This Court has previously enforced a procedural default under these same circumstances. *See Mason v. Warden, Noble Correctional Inst.*, No. 2:14-cv-0075, 2014 WL 293843, at *3 (S.D. Ohio Jan. 27, 2014) (finding that Supreme Court Rule of

Practice 7.02(D)(1) constitutes an adequate and independent state ground upon which to foreclose federal habeas corpus review) (citing *Blackburn v. Wolfe*, 2009 WL 1117351 (S.D. Ohio April 24, 2009)). "[N]either the petitioner's *pro se* status nor his claim of ignorance of the law" constitutes cause for such procedural default. *Id.* Therefore, this Court need not address Petitioner's allegation that his untimely filing was due to the fault of prison officials in not promptly mailing his post-conviction appeal to the Ohio Supreme Court.[1]

Additionally, despite Petitioner's argument to the contrary, the record fails to reflect that he is actually innocent of the charges against him so as to permit a merits review of these claims. *See Souter v. Jones*, 395 F.3d 577, 589–90 (6th Cir. 2005).

---

[1] The United States District Court for the Southern District of Ohio, Western Division, noted in *Kidd v. Warden, Lebanon Correctional Institution*, No. 1:13-cv-867, 2015 WL 269431, at *9 (S.D. Ohio Jan. 21, 2015), that the Sixth Circuit has not addressed the issue:

> The Sixth Circuit has not addressed whether the delivery of court documents to the prison mailroom three days before the deadline date provides "sufficient time" for the documents to "arrive timely in the normal course of events" for purposes of excusing a procedural default based upon a late filing. *See Henderson*, 730 F.3d at 560 (citing *Maples*, 340 F.3d at 439); *see also Foster*, 575 F. App'x at 654. A few lower courts have held in unpublished decisions that in the absence of evidence of official "inaction," the submission of documents so few days before the deadline does not constitute cause for the procedural default. *See, e.g., Nethers, supra*, 2010 WL 4513816, at *7; *see also Donnal v. Sheets*, No. 3:08cv932, 2009 WL 3126404, at *3 (N.D.Ohio Sept.24, 2009) (holding that Maples was distinguishable for two reasons: (1) the petitioner in the case-at-hand had "delivered his appeal to the prison mail room only three days before the deadline, rather that five days," and therefore, the district court could not say there was ' "no doubt' the petition would have arrived on time had prison officials acted promptly"; and (2) there was "no evidence in the record suggesting prison officials did not act promptly in mailing [the] materials") (emphasis in original). *Cf. Lee v. Davis*, No. 07-13782-BC, 2010 WL 3070060, at *3 (E.D.Mich. Aug.3, 2010) (involving delivery of appeal to the prison mailroom "only two days before the deadline"). However, in an analogous case, another lower court assumed "out of an abundance of caution" that, although a "closer issue" was posed because "only three days remained in the filing period when petitioner delivered his reopening application to the prison mailroom for mailing to the Ohio Court of Appeals," the petitioner had demonstrated cause for the untimely filing of his reopening application. *See Terry, supra*, 2010 WL 4878934, at *25.

*See also Lee v. Davis*, No. 07-13782-BC, 2010 WL 3070060, at *2-3 (E.D. Mich. Aug. 3, 2010) (Petitioner failed to establish cause for his untimely filing based on inaction of prison officials, where he delivered his documents to the prison mail room only two days before the filing deadline, and presented no evidence indicating that the prison mail room did not act promptly in mailing the materials).

Further, and for the reasons discussed by the Magistrate Judge, Petitioner's remaining claims simply fail to provide a basis for relief.

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's Order and R&R, Petitioner's Objection, ECF No. 18, is **OVERRULED**.

The Order and R&R, ECF No. 17, is **ADOPTED** and **AFFIRMED**. Petitioner's motions for the appointment of counsel, for the release of exculpatory evidence, and for an evidentiary hearing, ECF Nos. 9 & 13, are **DENIED**. Respondent's Motion to Strike Petitioner's Notice of Supplement to the Record, ECF No. 15, is **GRANTED**. Respondent's motion to dismiss, ECF No. 8, is **GRANTED**.

This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983)).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Upon review of the record, this Court is not persuaded that reasonable jurists could debate whether petitioner's claims should have been resolved differently or that jurists of reasons would find it debatable whether this Court was correct in its procedural rulings. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT.**

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**